UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ISSAC ABDI HASHI** | **CIVIL ACTION NO. 10-846** |
| **FED. REG. # 16466-171** | |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE MINALDI** |
| **J.P. YOUNG** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

*Pro se* petitioner Isaac Abdi Hashi, proceeding *in forma pauperis*, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 on May 20, 2010. Doc. 1. Petitioner is in the custody of the Federal Bureau of Prisons (BOP). At the time of filing, he was incarcerated at the Federal Correctional Institute, Oakdale (FCIO), Oakdale, Louisiana.[1] He was subsequently transferred to United States Penitentiary Lewisburg (USPL), Lewisburg, Pennsylvania. Petitioner names FCIO Warden J.P. Young as his respondent herein.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

*Statement of the Case*

The undersigned concluded an initial review of the petition on May 23, 2011, and issued a Memorandum Order [Doc. 6] directing plaintiff to amend his deficient petition within thirty days. To date, plaintiff has not responded to that order.

---

[1] Jurisdiction must be judged as of the time a petition is filed. *Lee v. Wetzel*, 244 F.3d 370, 375 n. 5 (5th Cir. 2001). Since petitioner was incarcerated in this district when he filed his petition, jurisdiction and venue over his § 2241 petition are proper. *See id.*; 28 U.S.C. § 2241(d).

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). Plaintiff was directed to provide additional information and he has failed to do so.

Therefore, **IT IS RECOMMENDED** that plaintiff's *Habeas Corpus* petition be **DISMISSED** in accordance with the provisions of Fed. R. Civ. P. 41(b).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 8th day of September, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE